Good morning, Your Honors, and may it please the Court. My name is Marcos Favela and I'm here for the petitioner, Mr. Omar Ramos-Quintana. We're here today because we're asking the Court to review a petition based on the petitioner's right to a fair appeal. Specifically, we do acknowledge that the Board of Immigration Appeals has very wide discretion to deny a motion for a late-filed brief. However, that discretion is not unlimited, and that's why we're here before the Court. We're arguing before the Court that there was an abuse of discretion first. The decision from the BIA was a boilerplate decision. It stated that the brief, or excuse me, the motion from the petitioner was insufficient. That's a very conclusory decision. So, but the reason, the specific arguments by Mr. Quintana were basically the law firm got it, but the law firm didn't tell the lawyer, was that? That's correct, Your Honor. All right. So, there isn't an issue about whether notice was required, but internally they didn't communicate. So the question is, then that's why they denied it. They didn't find that to be a good reason. Is that what we're reviewing? Perhaps, Your Honor, but that's not exactly what the argument is. It's not whether that was a good reason or not. It was that they indicated nothing to show that they even considered that. It was very conclusory. It was one word, insufficient. And the Board of, excuse me, this circuit, this court, has addressed very similar facts before. And that case was cited in the brief, Gomez v. Gonzalez. The problem seems to be that we have two cases. One is Garcia-Gomez, which does seem to very much support your argument. And then we have another one called Citani v. Zatino, where they said they have discretion and that's it, and we don't do anything. Yes. So they didn't really address the question of whether there is an obligation to give a reason and what kind of reason has to be given. Yes, Your Honor, and I do have a response. So what do we do with that? There is what appears to be a conflict. Could you move the microphone closer to you? It's kind of hard to hear you. There does appear to be a conflict on the surface, but I don't believe there actually is a conflict as far as the Zatino case and the Gomez case. In the Zatino case, the court specifically addressed under the facts of this case, we find that the board's decision to deny the motion to accept the untimely filed brief were insufficient. One word was enough in that case. And we asked the board, excuse me, this court to consider that the facts in that case, the Zatino case, were very limited. Essentially, it was the student who was, the law student who was representing the petitioner, wanted to accommodate spring break, or winter break, excuse me, exams and winter break. It was very brief. Here we have a very different situation. We have a factual record which has been developed in the motion to accept the untimely filed brief. There's evidence in support. There's an affidavit. This is more similar to the Gomez case, in which... Well, it's IAC, basically what it is, and I don't know why the procedures for IAC complaints in the matter of Lozada are in fault. Why don't they don't apply here? I mean, that's the only reason that they could have denied it, is the law firm got the notice, and didn't communicate it to the lawyer. I do want to address, Your Honor, your question. I did want to complete my thought on the previous question, if I may. Go ahead. Sure. So, the Zatino case is also different, distinguishable, because 2014, four years later, this court addressed the standard of review for abusive discretion in Ted Avoycian. Ted Avoycian acknowledged the existing standard regarding an arbitrary decision, irrational decision, contrary to law decision. But it specifically addressed that when the BIA fails to provide a reasoned explanation that that is an abusive discretion. So it's maybe not changing the law, but it's adding details to the abusive discretion standard. And here, that's exactly what happened. There was a failure to provide any reasoned explanation. Well, sorry, you have a pending question. So I would like to, I apologize. No, I don't want to interrupt. So I would like to address Your Honor's question regarding the ineffective assistance of counsel claim. In this case, that may be something that ultimately is in this case for the respondent. So if the BIA had said, we're denying this because the notice went to the law firm and it's the law firm's problem that they didn't tell the lawyer, was that a good enough reason? At that point, it would be... Would that be an abusive discretion? It would depend on the facts of that decision. Well, no, if they had said that, how would that be an abusive discretion then? It's potentially not an abusive discretion. And at that point... But you would then at least have the firm basis for an IAC claim. Yes. At this time, there is an argument to be made that there was a very good reason for a late file brief. The board failed to consider that. So the petitioner has every reason to protect... It wasn't a very good reason, but it was a reason. I mean... He has a reason. What Judge Callahan is saying is it was an ineffective assistance reason. If he would have gone down the ineffective assistance route, that's abandoning his right to a fair appeal, the motion for a late filed brief. But wasn't it also true that the time frame was such that there's like an automatic 30 days... It was within 30 days that was refiled. Yes, Your Honor. It was 13 days after the briefing schedule deadline. 13 days after the deadline, the counsel received the briefing schedule, and the actual brief was filed 21 days after the deadline. So this is well within the 90-day period by regulation that the board is authorized to grant an extension. So this fits within that. The board had every right to deny, but also to find good cause. So we're here not with an ineffective assistance of counsel claim, but rather a right to a statutory authority to review it, and they failed to review it in a way that's meaningful. If they had reviewed it... From the board's point of view, you would think it would make a lot more sense to take this delayed brief than to have a motion to reopen an ineffective assistance claim and start all over again. And they might have thought that if they'd looked at it. That's our position, Your Honor. And I do agree with Your Honor. Had they articulated the reasons for their denial, then it very likely could be an ineffective assistance claim. So there's a regulation about when a case can be dismissed by the board, and I'm wondering, I think you cited it maybe once in your brief, I'm wondering if part of your argument is about whether this case could actually be dismissed when there wasn't compliance with a regulation about how there needs to be an explanation for why the excuse for filing the brief wasn't good enough. Yes, Your Honor. In the motion, in the order of the BIA, they didn't mention anything. They just said there was nothing filed, and of course they addressed it with a separate order on the motion to accept the untimely file of the brief, but in the actual order of removal, there was nothing discussed there. But are you arguing only that there was no explanation for not taking the brief, or are you also arguing that the case was improperly dismissed later when there was no brief so they dismissed it without explaining in the dismissal order why there wasn't an explanation for why the late brief was not explained? Your Honor, we're also arguing that those two are intimately tied together. The decision to not accept the untimely filed brief was then overlooked in the removal order, essentially. So they are intimately tied together. I think they are very much overlapping arguments. Do you want to save the balance of your time for rebuttal?  Thank you. Okay. We'll hear from the government. Good morning, Your Honors. Good morning. Samer Bader representing the respondent, the United States Attorney General. May it please the Court. The Board acted well within its discretion when it denied Petitioner's motion to accept his late filed brief. To be clear, the Petitioner's contention in this case is really simple and straightforward. As we've discussed here already, Petitioner's counsel conceded that there was an administrative oversight at his law firm. It sounds like, to me, from the affidavit, the paralegal notified counsel 13 days after the briefing deadline had passed. And so, obviously, that led to the filing of his motion. And the Board's decision— But the Board has the discretion to accept a late brief. The Board has within its discretion to accept a late brief, and obviously— We have the Garcia-Gomez case, and it needs to give an explanation. Yes, Your Honor. We have a regulation that seems to say that it has to give a regulation before it dismisses it for that reason. Your Honor, just to be clear, the facts of this case mimic a case that this Court has already upheld with regard to the Board's summary language, if you will. Donair-Alvarado, 2024, there was literally the exact same argument made, which was an administrative oversight, and the Board used very summary language saying that was insufficient. What case are you talking about? Donair-Alvarado, 2024, and— Is that a published opinion? I'm sorry, Your Honor? Is that a presidential opinion? That was not a presidential opinion. All right. So let's not talk about it. But— So go ahead. Yes, Your Honor. A matter of Cano-Perez in 2012 as well, there was essentially the same kind of summary language used for a situation where the Board simply acknowledged the basis, but again used summary language denying the motion to accept the late file brief. But I do want to turn, Your Honor, to your question. Zatino really is the guiding case here. Zatino does a—in that case, I can think that the facts clearly made it clear that it was Petitioner's fault for failing to file the late brief. The Board had actually extended the deadline because of the change of address form. He had extra time, still didn't file it, and said, you know, we're going to deny this. Obviously that was this Court's decision to support that decision. In Zatino, they very explicitly stated that even if there was ineffective assistance of counsel, and there was not in that case, but this Court went out of its way to say even if there was ineffective assistance of counsel, excuse me, it would not constitute a due process violation for the Board to deny the motion to accept the late file brief. So they did address IAC in Zatino. Zatino also cited Singh, 2004. In Singh, the Board made a clear error because there was an example of where the Board had sent the briefing notice to the—the wrong address, Your Honor. Go ahead. We have this regulation, ACFR 1003.1d2, et cetera, that the Board can summarily dismiss if the party concerns indicates that he or she will file a briefer statement and thereafter does not, or reasonably explain his or her failure to do so within the time set for filing. Yes. I guess he—so what about the reasonably explain his or her failure to do so? But if he's going to dismiss it, don't they have to say why they didn't reasonably explain their failure? Your Honor, you know, I'm not going to say that Garcia-Gomez is not good law in the sense that certainly this Court has found that there are—there's context to when a reasonable explanation is, in fact, sufficiently reasonable or detailed. In the different— I'm sorry. I think the question is different. Okay. ACFR 1003.1d2iE is about dismissal of the case, not the acceptance of the brief exactly, but it loops back to that because it says a single member—a single Board member or panel may summarily dismiss any appeal or portion of any appeal in any case in which the party concerned indicates on a form that she will file a brief or statement in support of the appeal and thereafter does not file such a brief and does not reasonably explain. So it suggests that in order to actually dismiss the case, you have to reasonably explain why you're dismissing the case. And I don't see how that was complied with here. Your Honor, I think that case is saying that, you know, with the Board founding this decision, the Board decision is not just one sentence, right? It notes that he filed the brief. It notes the warning on there that it will be dismissed, as Your Honor is citing. And it said that—the Board made it clear that it reviewed the record and did not find a reasonable justification that it was reasonably explained because, obviously, it's his burden. But where do we—how do we know that the Board thought about whether there was a reasonable explanation? It says—it says it right there, Your Honor, right? It says that the Board reviewed the record. The last portion of the Board's decision is it reviewed the record, it found that the brief was, in fact, untimely, and he had failed to reasonably explain—explain why it was untimely. I'm sorry. Where does it say that? At the—at the very end of the decision, Your Honor. But it just is the language. It doesn't say what was unreasonable. I take your point, Your Honor. I take your point. I would imagine that everybody would have—including myself, and I don't mean this sarcastically. I would have felt better if the Board added one sentence saying, your reason is inadequate, period. Or, you know, the fact that—the fact that the paralegal didn't get it—I'm sorry, Your Honor. I thought at the time they denied the brief, they had a sentence saying something like, the reason's insufficient. Yes, that's right. They said you did not provide a reasonable—it was not reasonably explained. Rationale stated by the Respondent is insufficient. Right. That's all I'm saying. That's right. And I—and quite frankly, the facts of this case really don't warrant much more, do they? I mean, he's—this is about as simple and straightforward of an issue as we have, you  The paralegal didn't get it to me in time. I mean, what more do we ask from the Board here? Do we ask for the Board to dissect the internal dynamics of the law firm and, you know, was there a snowstorm? Was there anything else, like, that would delay the filing by two weeks? Was there any medical emergency? What are we asking the Board to provide more than simply say— I mean, why couldn't the Board say something like what you just said, that it's—we expect the lawyers to notice when the mail comes? I mean, if they had said something like that, we would have a reason. But in fact, the amount of time is pretty short. I mean, the deadline is pretty quick, and so it could have been a snowstorm or a long weekend or something, and that would be a reason—I mean, there's no—there's no content other than just stating the language of the rule. It's like if we have a motion to dismiss and we just say it doesn't state a claim period without any explanation. That's not very much of a reason. I really—I understand, Your Honor. I would posit that these facts are really sufficiently just bare bones and straightforward. Like for example, I found unpublished cases where, in fact— What else could they have based it on other than what they said? Nothing, Your Honor. To be frank, nothing. I mean, there are cases I've found unpublished where there was a one-business-day-late filing and the Petitioner's Counsel had claimed that he tried to go to the mail and e-cast, that e-filing system wasn't working. There are certain contexts where the facts are, in fact, plentiful enough where the Board should address those. But in this case, we have a clear situation where he's saying, look, it's paralegal—you know, excuse my colloquial language—it's paralegal screwed up, didn't get me the time, and I'm sorry, basically. You know, Petitioner's Counsel, to his credit, throws himself and says, you know, this is an internal firm error. What's the Board supposed to say? It's just, you know, they probably get a lot of these a day, at least many times a month, saying, you know, it's the firm's fault. But Zatino makes clear that even if it's ineffective assistance of counsel, it's not a due process violation for the Board to summarily dismiss or deny the motion to accept the late-filed brief. I will say that in Gomez, again, there was indicia in Garcia-Gomez, there was sufficient indicia for this Court to remand to the Board because there was an error in the third-party mailing system, like the USPS or even a third-party private company, in getting and delivering the briefing schedule. So, again, Gomez, Garcia-Gomez, had specific facts that warranted the Board to say more, right? Board, why didn't you address the fact that a third-party mailing agent might have delayed getting the briefing schedule? Here, we just don't have those facts. There's also a Seventh Circuit case that's fairly closely on point, Gutierrez L. Mazan. And in that case, apparently, the individual was pro se, but it was his fault. He had a pile of paper, and he didn't open his letter until it was too late, and the Court said the fact that BIA found the reason—and it was the same language that was used with regard to the brief. The fact that he found the reason insufficient is implicit in his rejection of his motion, but it's given the Court no indication that it took account of various things—Gutierrez's pro se status, his educational language skills, any other factors that might be relevant to the merits of the motion. We cannot tell from the Board's order whether a heuristic thought or merely a reacted. So why isn't that—I mean, what strikes me here, I understand that the—I mean, the firm screwed up, but it was a very short period of time. It was within the timeframe that I think there's even an automatic extension had they asked for one, and the—by not accepting it, the Board is, from its own point of view, you think, creating extreme inefficiency, because now there's going to be an IAC claim, and then there's going to be a new motion to reopen, and there's going to be more proceedings. You'd think that they'd simply want to get this finished within the timeframe. So that makes one think they didn't actually look at the reason. They didn't really, you know, give any reaction to whether it makes more sense to take this two-week late brief or have three years of more proceedings. Your Honor, respectfully, I just want to note, it was due on the 12th of April. He didn't get notice until 13 days later, filed the brief approximately one week later. So we're talking two and a half, three weeks. I know when I miss a briefing deadline by one day, I have a heart attack, right? But the amount of time between notice and when the brief deadline was is only like two weeks itself or something, or 10 days, or some very short time. I mean, it's really not a long time to get the notice and write the brief and file it, right? Your Honor, it was March 22nd the notice was sent, and the deadline was the 12th of April. So we're talking about three weeks. That's sufficient time for him to file an extension, certainly. But if the paralegal isn't going to get to him the notice until six weeks after, you know, the board's going to have to start now, you know, setting a standard if the court were to say, you know, well, sorry, three weeks is not enough for, you know, you should reopen this case. Now, every time it's going to have to build in a three-week buffer. I mean, it's a little much. I know when I miss a deadline by day, I freak out, and I immediately try to, you know, rectify my error a couple days. Again, snowstorms, medical illness, emergencies. But we're talking almost three weeks beyond the deadline when the brief was initially filed. I think that's why the board was very straightforward about just it being an inadequate justification. It does not want to open up the doors to every opposing counsel submitting nearly three-week-old briefs past the deadline to just say, listen, board, you have to, you have to put an explicit explanation that three weeks is insufficient. Does the board have a policy of granting 21-day extensions generally? A board, I'm sorry, Your Honor, can you say that again? Does the board have a policy of granting 21-day extensions generally? My understanding is that it does. My understanding, Your Honor, is... If asked for. I'm sorry, Your Honor? Yes, if asked for. If asked for timely? Yes, I'm sure they, I mean, I don't think... This was within the time that it would have been filed had they asked for a 21-day automatic extension. I think that the timeliness is key, Your Honor, right? I mean, that's...  The timeliness is the whole issue, right, Your Honor? It's not... Had they requested an extension timely, in a timely fashion, I have... Then they would have gotten... I mean, I'm not the board, but I see no reason why... The 21 days, and then they would have gotten, they would have filed at the same time they  I certainly think they would have had a much better chance of getting an extension if they filed it timely. I mean, almost certainly, than three weeks after the fact. That's what we have here. But what I'm asking is whether that 21-day extension is essentially automatic, if asked. No, I don't think there's any built-in automatic extension by statute or regulation, Your Honor. I think the board... Well, apparently the filing instructions said, it is the board's policy to grant one brief, briefing extension per party in non-detained cases. Yes, Your Honor. Yes, Your Honor. I mean, what I'm trying to say is there's no... The BIA's practice manual says if a briefing extension is granted, the board's policy is to grant an additional 21 days to file a brief, regardless of any amount of time requested. If a briefing extension is granted, yes. All right, so this is within the automatic extension time period. I understand you didn't ask for the extension, but it's within the time period... Well, Your Honor, I mean, when you ask for an extension, as we do before any court, you have to provide good cause. And I think that doesn't... Well, no, but this says you don't. That's what I'm trying to point out. Right. It doesn't say you have to provide good cause for the 21 days. You just automatically... It says the board's policy is to grant one briefing extension per party in non-detained cases if timely requested. Yes, if timely requested. Yes, Your Honor. Yes. Not for good cause, just because. Yes, Your Honor. I mean, I'm not going to dispute that if timely filed that the board would have extended it, but I just don't see how that's at play in this case, Your Honor. Again, he had three weeks... Rejecting this, even though it came in at the same time that it would have come in had they asked for an automatic 21-day extension. Your Honor, would that not apply to every lay brief within three weeks, within 21 days? So the board... Well, it might. The fact that you need an explanation, yes. That's, you know, I have very little to counteract your statement, Your Honor. If the court, you know, wishes to require the board for every late filed brief within 21 days after the deadline, it has to give a sufficient reason. That would be certainly presidential case law. But the board's not aware, and I'm not aware of anything that would require the board to, you know, start doing the math on how many weeks late a brief is and whether they have to provide a reasonable... And that's perhaps the issue here, right? At what point does the board can just rely on straightforward facts such as, hey, the brief is three weeks late, and it's our fault. And the board says that's not good enough. And I think that's pretty clear from the record, Your Honor. But I agree with Your Honor, I really do. I mean, there's nothing that, you know, if the court were just to draw a red line in the sand and say, hey, this is it, this is it. If it's within the automatic three weeks, that would be brand new presidential decision. I mean, there's nothing there for the board to... The board did not abuse its discretion, Your Honor, essentially is what I'm trying to say. As I read Garcia-Gomez and Zatino, in both of them, even though there was this, we're not accepting the brief issue, the board seems to have evaluated the merits of the cases anyway and talked about the merits also. We don't have that in our case because it was just dismissed. Right. So I don't really understand how Gomez and Zatino would control the question of whether it was appropriate to dismiss without saying why the explanation wasn't a reasonable explanation. I agree with you, Your Honor, because those cases involved much more specific fact patterns that needed to be analyzed, Zatino as well as Garcia-Gomez. If I understand your position, you're just saying they gave one, they gave a reason, they said the peril. We got the notice, the paralegal didn't give it to me and that's why I didn't file it. So that's what we're reviewing. That is what you're reviewing, Your Honor. Was that abuse of discretion or not? For the board to have denied it after it was three weeks late because the paralegal didn't get it to the attorney in time. That's what we're reviewing. That's it. I mean, that's about as simple and straightforward as we have here. Those two cases, Your Honor, are notably more complicated. I will note, and this is not, I think, addressed by counsel or me, Hernandez v. Garland, 2022, this court issued a decision. It basically says even if the board's decision is not of ideal clarity, as long as the board gives us a reasonable path for us to discern, you know, why they acted the way they acted, that's sufficient. And I just can't imagine a case more simple than this case. I mean, what was the board? I mean, literally, you're asking to, you know, remand. And theoretically, if this honorable court were to remand to the board, I would imagine they would add a sentence about how it's insufficient for this excuse to be justified. Or it's not justifiable. I mean, that's all the board would have to say. I don't know what else you would expect of the board for counsel falling on his sword and saying it's our fault. It's an ineffective assistance of counsel claim, respectfully. I mean, I mean that with all due respect. I don't mean to impugn the firm. But it's, you know, they're taking credit for it. They're saying we, it's an internal law firm error. And it's three weeks beyond the deadline. Those are the facts in this case. There's nothing more simple than that. I mean, it happens all the time, I can imagine, at law firms. Thank you for your argument. Thank you. Governors, I would like to address my colleague's statements that there are A, B, C reasons that the board could have denied this motion for late filing, or late filed brief. He's correct. The board had many reasons to deny it, but they didn't. That's why we're here. The reason we're here is because the board did not actually review or provide a reason as to why they denied. And suppose, so if they added a sentence that said, the ineffective assistance of a counsel by mishandling the time frame is not a sufficient reason to violate brief. Yes, Your Honor. If they hadn't mentioned, we believe this is ineffective assistance. And if we reviewed that, what would we review it for? I mean, we'd say, is there any argument that they're not entitled to do that? No, there's no argument to that, Your Honor. I'm sorry? There is no argument to that, Your Honor. We would likely have an IAC claim. What's the point of having a sentence? Because the lack of the sentence indicates a lack of review. And essentially... Well, it doesn't say they didn't look at it. It does say they looked at it. And you have the reason that you gave is we got it. A paralegal didn't give it to a lawyer. And that's not, and they said, that's not good enough. So... I would like to close. I have a few seconds left in response to the court's question. The answer to this lies in this court's precedential decisions and O. V. Gonzalez and Ted Avoyzian, which describe that there needs to be a reasoned explanation. That's what's lacking here, a reasoned explanation. Any reason. But the reason you want a reasoned explanation is so as to have a basis for review in this court. Yes, Your Honor. And the facts in this case are more developed than my colleague asserts. In Zatino, that is far less complicated. The law student wanted a vacation. That's straightforward. To find that that's insufficient is reasonable. And that's what the court did. In this case, there are facts which show this happened. This did not happen within a law firm. There are, it's more complicated. There's evidence. There's an affidavit. That's more similar to the level of complication in Gomez. But I understood you to say if they had said, we don't find it sufficient that the facts that you've alleged, we don't find it sufficient that you got it and a paralegal blew it, we don't find that a sufficient reason. That would have been enough. Yes, Your Honor. That's not for the court to decide. That's not for my colleague to decide. It's not for me to decide. That's for them to decide. And that's why we're here. Okay. Thank you both for your argument. Stand submitted. Court's in recess for the week.
judges: BERZON, CALLAHAN, FRIEDLAND